IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIAM C. HYLTON EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-041 |
| | ) | |
| EFFICIENT PAINTING CONTRACTORS, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned employment discrimination case *pro se*, and he requested permission to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 2.) Because Plaintiff's motion to proceed IFP did not contain all of the information necessary for the Court to determine whether Plaintiff possessed sufficient funds to pay the filing fee, on March 29, 2012, the Court denied the motion without prejudice and ordered Plaintiff to submit a completed motion to proceed IFP within fourteen (14) days. (Doc. no. 4.) The Court cautioned Plaintiff that the failure to do so would result in a recommendation to the presiding District Judge that this case be dismissed without prejudice. (Id. at 2.) Plaintiff did not respond.

On April 19, 2012, the Court afforded Plaintiff 14 additional days to submit a completed motion to proceed IFP in accordance with the Court's March 29th Order. (Doc.

no. 5.) Plaintiff was warned that, if he failed to comply after this 14-day extension, the Court would recommend dismissal of his case without prejudice. (Id. at 2.) Plaintiff responded by filing a second, incomplete IFP motion (doc. no. 6), which was denied on May 14, 2012, because Plaintiff provided vague financial information and because he failed to comply with the Court's Order that he submit a *completed* IFP motion (doc. no. 7). Thus, the Court ordered Plaintiff to pay the $350.00 filing fee within 21 days from that Order. (Id. at 2.) The Court cautioned Plaintiff that failure to comply would result in a recommendation to the presiding District Judge that his case be dismissed without prejudice. (Id.)

The time to respond has passed, and Plaintiff has not paid the $350.00 filing fee for this case, nor has he provided the Court with any explanation why he has not complied with the Court's Order to do so. Under Loc. R. 4.2(2), if an IFP motion is denied, a plaintiff has 21 calendar days from the date of service of the order denying the IFP motion to pay the appropriate filing fee. "Failure to make timely payment will result in dismissal of the complaint." Loc. R. 4.2(2). As described above, over 21 days have passed since Plaintiff's second IFP motion was denied.

Moreover, the Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds

Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the Court's Orders, or even to provide the Court with an explanation for his failure to pay the filing fee or submit a completed motion to proceed IFP, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, the Court finds that the imposition of monetary sanctions is not feasible in this case because Plaintiff has twice sought to proceed IFP and has refused to pay the filing fee.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3

Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case <u>and pursue it</u>.

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to Loc. R. 4.2(2) and 41.1(c), that this case be **DISMISSED** without prejudice because Plaintiff failed to pay the $350.00 filing fee or otherwise respond to the Court's Orders and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of June, 2012, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE